**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Michael Higgins

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HIGGINS,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>II. **FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>III. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.:                        *Higgins v. Portfolio Recovery Associates, LLC*
**COMPLAINT**

# INTRODUCTION

1. Plaintiff MICHAEL HIGGINS ("Plaintiff") through Plaintiff's attorney, brings this lawsuit to challenge the actions of Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages through Defendant's negligent and/or willful contact to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The Unites States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

consistent State action to protect consumers against debt collection abuses.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal laws – the TCPA; and, FDCPA.

9. This Court also has supplemental jurisdiction over Plaintiff's California State Law causes of action pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Palm Springs, County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant.

11. This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA"); and (iii) Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## PARTIES

12. Plaintiff is a natural person who resides in the City of Palm Springs, Riverside County, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of Virginia and is a person as defined by 47 U.S.C. § 153 (10).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. Sometime before July 2021, Plaintiff incurred certain financial obligations to various creditors.

18. One such financial obligation was transferred to Defendant for purposes of collection.
19. Plaintiff thereafter became unable to satisfy these financial obligations and sought the assistance of Bankruptcy Law Professionals ("BLP") to file for bankruptcy.
20. In this regard, BLP filed a Chapter 7 bankruptcy on July 23, 2021 in the Central District of California, Case No.: 6:21-bk-13960 (the "Bankruptcy").
21. The debt sought by Defendant was included in the bankruptcy.
22. Defendant automatically received notice of the Bankruptcy filing through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.
23. This provided Defendant with notice that Plaintiff was a represented party with regard to the debt along with the contact information for Plaintiff's counsel.
24. Plaintiff received a successful bankruptcy discharge on November 1, 2021.
25. As before, Defendant received notice of the Bankruptcy discharge through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.
26. Defendant did not file any successful proceedings to declare their Debt "nondischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
27. Defendant also did not request or receive relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while Plaintiff's Bankruptcy was pending to pursue Plaintiff for any of the underlying Debts in their pre-bankruptcy form.
28. Accordingly, all Debts identified herein were discharged through the Bankruptcy.
29. Despite receipt of notice of the Bankruptcy, Defendant continued to contact Plaintiff directly on Plaintiff's cellular telephone nearly every day – oftentimes multiple times each day – to collect the discharged debt.
30. This direct contact with Plaintiff began on September 21, 2021 and continued through December 2021.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff despite knowledge that Plaintiff was represented by BLP with regard to Plaintiff's debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff despite being previously informed in writing that Plaintiff was a represented party with respect to Plaintiff's debt.

33. On information and belief, Defendant used an artificial or prerecorded message to contact Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

34. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.

37. Even if Defendant initially had "prior express consent" to contact Plaintiff, said consent was revoked by BLP's representation.

38. To date, Plaintiff has received approximately forty autodialed telephone calls on Plaintiff's cellular telephones from Defendant.

39. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

# CAUSE OF ACTION CLAIMED BY PLAINTIFF
# NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.
# [AGAINST ALL DEFENDANTS]

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

# KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.
# [AGAINST ALL DEFENDANTS]

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST ALL DEFENDANTS]

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

50. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ.
## [AGAINST ALL DEFENDANTS]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,

- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 26, 2022                                                             Respectfully submitted,

**LOKER LAW, APC**

By:   /s/ Matthew M. Loker
                   MATTHEW M. LOKER, ESQ.
                   ATTORNEY FOR PLAINTIFF